IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES of AMERICA

v.	Criminal Action No. 2:01cr109

WARREN KEITH HUDGENS,

Defendant.

### OPINION & ORDER

This matter is before the Court on Warren Keith Hudgens's ("Defendant") Motion for Early Termination of Supervised Release ("the Motion"). Doc. 18. Defendant filed the motion by counsel on December 19, 2016. Id. The Government responded on February 2, 2017, noting its agreement with the Probation Office that early termination is appropriate. Doc. 19. For the reasons set forth below, the Court **GRANTS** the Motion.

### I. BACKGROUND

**A. Procedural History**

On June 20, 2001, the Grand Jury charged Defendant with five (5) counts of possession with intent to distribute cocaine and heroin and related charges, one (1) count of convicted felon in possession of a firearm, and one (1) count of possession of a firearm in furtherance of a drug trafficking crime. Doc. 1. On September 24, 2001, Defendant pled guilty to two counts: Open and Maintain a Place for the Purpose of Manufacturing, Distributing & Using Cocaine Base & Powder Cocaine; and Convicted Felon in Possession of a Firearm and Ammunition Which Had Been Shipped and Transported in Interstate and Foreign Commerce. See Doc. 8. On January 18, 2002, Defendant was sentenced to one hundred eighty-eight (188) months imprisonment on Count Five and one hundred eighty-eight (188) months imprisonment on Count Six, to run

1

concurrently. Doc. 12. Defendant was also sentenced to four (3) years supervised release on both counts, to run concurrently. Id.

On April 8, 2008, Defendant moved for retroactive application of the sentencing guidelines to his crack cocaine offense. Doc. 13. The Government opposed retroactive application. Doc. 15. The Court denied the motion in an Order dated June 24, 2008, because Defendant was convicted as an Armed Career Criminal and thus not eligible for retroactive application. Doc. 17.

Defendant's period of supervised release began on November 26, 2014. Doc. 18, ¶ 2.

## B. Facts

Defendant requests early termination of supervised release because his "conduct since release personifies change, cooperation, and absolute compliance," and because he believes that the relevant statutory factors weigh in favor of early termination. Doc. 18, ¶ 9.

Defendant is currently 67 years old. See . Presentence Investigation Report ("PSR") at 2 (listing date of birth as June 25, 1950). He receives a retirement stipend from Social Security. Doc. 18, ¶ 18. He also receives income from his employment as a part-time associate at Wal-Mart. Id. He stays in consistent contact with his siblings, including traveling to see his sister in Wisconsin when permitted. Id. His probation officer notes that Defendant maintains a stable residence and currently owns two properties.

Defendant has successfully completed substance abuse treatment programs. Id. ¶ 19. He completed two programs, once before trial and once since his release. Id. He asserts no violations of his supervision since release, see id., and his probation officer confirms that assertion.

Defendant has paid his financial obligations and does not require any further assistance from supervised release. Id. ¶ 11. His probation officer explains that the District 19 Community Services Board determined that Defendant no longer needed substance and/or mental health treatment as of March 31, 2015. As a result, he has been finished with counseling since that date and has lived peacefully in Virginia.

## II. LEGAL STANDARDS

A court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The court must consider the defendant's sentencing factors, see § 3553(a),[1] and then may "consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999); see § 3583(e). The court must at least "conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." Id. "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Folks v. U.S., 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010) (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)).

Some district courts "have found that even perfect compliance with conditions of release does not qualify as 'exceptionally good behavior' warranting early termination [because] 'model

---

[1] The sentencing factors include the nature and circumstances of the offense and the history and the defendant's characteristics; the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and the kinds of sentences and their applicable categories, pertinent policy statements, and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), (a)(7).

3

prison conduct and full compliance with the terms of supervised release is what is expected of a person...."  United States v. Etheridge, 999 F. Supp. 2d 192, 196 (D.C. Cir. 2013) (quoting United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)); see also United States v. Weintraub, 371 F. Supp. 2d 164, 167 (D. Conn. 2005) (noting that full compliance with supervised release conditions and payment of fines and restitution "is required of all criminal defendants and is not a basis for early termination of his supervised release"); United States v. Hardesty, No. 95-20031-01-JWL, 2002 WL 731705 (D. Kan. Apr. 2, 2002) (holding that continued supervision of the defendant was "necessary to ensure that he makes as much satisfaction of his debts as is possible" and that early termination "would be an affront to the victims"); United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998). A defendant must show "unusual or extraordinary" character beyond following the requirements of his release. United States v. Caruso, 241 F. Supp. 2d 466, 469 (D.N.J. 2003).

In Etheridge, the defendant recovering from a methamphetamine addiction "regularly attend[ed] meetings and sponsor[ed] young addicts." 999 F. Supp. 2d at 197. In Medina, the defendant achieved "various accomplishments" while incarcerated, "including [completing] various construction projects." 17 F. Supp. 2d at 246. The Government agreed that Medina's supervision was "quite satisfactory" due to his stable home environment, gainful employment at two locations, and clean drug tests every sixty days. Id. Nevertheless, the Government and the court agreed that early termination of the defendant's supervised release was "premature" because "no new or exceptional circumstances [existed] sufficient to warrant termination" five years early. Id. Noting that an "unblemished" supervised release period was "alone ... not sufficient reason to terminate the supervised release," the court denied Medina's motion but granted leave for him to renew it a year later. Id.

prison conduct and full compliance with the terms of supervised release is what is expected of a person...."  United States v. Etheridge, 999 F. Supp. 2d 192, 196 (D.C. Cir. 2013) (quoting United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)); see also United States v. Weintraub, 371 F. Supp. 2d 164, 167 (D. Conn. 2005) (noting that full compliance with supervised release conditions and payment of fines and restitution "is required of all criminal defendants and is not a basis for early termination of his supervised release"); United States v. Hardesty, No. 95-20031-01-JWL, 2002 WL 731705 (D. Kan. Apr. 2, 2002) (holding that continued supervision of the defendant was "necessary to ensure that he makes as much satisfaction of his debts as is possible" and that early termination "would be an affront to the victims"); United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998). A defendant must show "unusual or extraordinary" character beyond following the requirements of his release. United States v. Caruso, 241 F. Supp. 2d 466, 469 (D.N.J. 2003).

In Etheridge, the defendant recovering from a methamphetamine addiction "regularly attend[ed] meetings and sponsor[ed] young addicts." 999 F. Supp. 2d at 197. In Medina, the defendant achieved "various accomplishments" while incarcerated, "including [completing] various construction projects." 17 F. Supp. 2d at 246. The Government agreed that Medina's supervision was "quite satisfactory" due to his stable home environment, gainful employment at two locations, and clean drug tests every sixty days. Id. Nevertheless, the Government and the court agreed that early termination of the defendant's supervised release was "premature" because "no new or exceptional circumstances [existed] sufficient to warrant termination" five years early. Id. Noting that an "unblemished" supervised release period was "alone ... not sufficient reason to terminate the supervised release," the court denied Medina's motion but granted leave for him to renew it a year later. Id.

Nevertheless, the Court does not need to find new or changed circumstances in order to terminate supervised release. See United States v. Parisi, 821 F.3d 343, 347 (2d Cir. 2016). As long as the relevant statutory factors warrant early termination of supervised release, the Court may grant that relief. Pregent, 190 F.3d at 284.

### III. ANALYSIS

Because Defendant has served more than one (1) year of supervised release, the Court may consider his eligibility for early termination. 18 U.S.C. § 3583(e)(1).

Defendant has an extensive criminal background. Defendant's sentencing factors included his status as an "Armed Career Criminal" because of at least three (3) previous convictions for statutory burglary. PSR ¶ 36. Defendant's criminal history category in this case was VI, and his total offense level was 31, accounting for a three (3) level reduction for acceptance of responsibility. See id. ¶¶ 81–82. His record reflects eleven (11) prior criminal convictions, all between 1968 and 1981. Id. ¶¶ 16–28. Defendant pled guilty to the crimes in this case. Id. ¶ 2.

Defendant has already served more than two of his three years of supervised release, see Doc. 18, ¶¶ 1, 9, and has the approval of his probation officer in seeking early termination. He complied with every requirement of his sentence and cooperated fully with his probation officer. Id. ¶ 11. He also completed two substance abuse treatment programs, once during pretrial and once after his release from prison. Id. ¶ 19. His probation officer confirms that he tested negative for drugs in all random tests.

As Defendant notes, the Sentencing Guidelines give the example of an abuser of narcotics who successfully completes a treatment program as a candidate for early termination of supervised release. Id. ¶ 7 (citing U.S. Sentencing Guidelines Manual § 5D1.2, cmt. ¶ 5 (U.S.

Sentencing Comm'n 2016.)) Defendant's offense was a drug-related offense, and his firearm-related conviction here was merely for possession. Doc. 8. He successfully addressed his drug addiction to the point that the counseling services affirmatively ended his counseling. This successful early completion of counseling indicates that he no longer requires supervised release to reintegrate into society.

In addition to his accomplishments in overcoming his drug addiction, Defendant does not pose any further risk to the public. Defendant owes no restitution, and no victims will be prejudiced by his early termination. Hardesty, 2002 WL 731705, at *1. He has no violations on his record that would indicate any possession or use of a firearm since his release, and as he notes, he has no aggravated offenses or history of violence that would indicate he is likely to violate that prohibition again. Doc. 18, ¶ 20. His age also indicates a low likelihood of recidivism.

Therefore, because Defendant willingly paid his debt to society, behaved admirably while on supervised release, and proactively ended his drug addiction to the point that he no longer needs counseling, early termination of Defendant's supervised release is warranted by his conduct and is in the interest of justice. See § 3583(e)(1).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Early Termination of Supervised Release, Doc. 18, and **ORDERS** that his Supervised Release is terminated upon the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

Norfolk, Virginia
March 22, 2017

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

7